J. P. CLEMENTS, plaintiff in error, *vs.* J. E. LOGAN, defendant in error.

When a bill was filed praying for an injunction to restrain the defendant from obstructing a road over his own land, and the complainants did not show that they had the legal right to use the road over the defendant's land, as a private way, or that the road had ever been established by the proper authority as a public road, or that it had been worked or recognized by the public authorities of the county as a public road, so as to give the complainants a prescriptive right to use it as such over the defendant's land:

*Held*, that the injunction was properly refused.

Injunction. Roads. Before Judge PARROTT. Whitfield county. Chambers. May, 1871.

Clements, on behalf of himself and other citizens of Tunnell Hill and vicinity, sought to enjoin Logan from obstructing a road. The bill made this case: This road runs over Tunnell Hill ridge from the village to the country, and has existed more than twenty years in peaceable, continuous and uninterrupted use. It is of great use to said citizens as a short way to their farms and to the country. It passes through land claimed by Logan, about two hundred and fifty yards. Logan has built fences across it, and put gates thereto and locked them, and when the citizens have broken these locks and pulled down these fences Logan restored them. Upon Clement's application two Justices of the Peace had a jury of freeholders to try whether said obstructions were not a nuisance. After due notice to Logan, a trial was had, the jury found that the same were a nuisance, the Justices ordered it abated, and the sheriff tore them away. Yet Logan has applied for a *certiorari,* and says that when that

Clements *vs.* Logan.

is granted he will restore said obstructions *in statu quo.* This will prove of great inconvenience to him and other citizens, and Logan is insolvent, and cannot pay damages.

The Chancellor ordered Logan to show cause why the injunction should not issue. He answered that he bought and paid for the land in 1866, made a private way for himself to the railroad, got the railroad authorities, in 1869, when fencing in their right of way, to leave gates so as to enable him to pass by his private way, and paid them for the absolute control of said gates; that on the 20th of April, 1871, he was notified to appear and have said trial as to nuisance on the 22d of April, 1871; that he appeared, and moved to continue, because he had not had time to procure an àttorney and summon his witnesses, but the Justices ordered the trial to proceed, the finding was against him, and he sued out *certiorari,* intending, in good faith, to abide the decision of the Judge of the Superior Court on its hearing. This *certiorari* was sanctioned on the 25th of April, 1871, the same day on which he was ordered to show cause against said injunction. He said that he would be damaged, say $280 00, by said way being used as a road, that it was no road, and never had been legally made even a private way. He admitted his unwillingness to allow the passage over his land without compensation, said it was all he had, and was worth only about $500 00, and said he would prevent the passage unless the Court decided against his right to do so. He admitted that it was a convenience to the citizens, but said it was not a necessity, because a road but little distant went over said ridge. At the hearing there were affidavits by several persons fully sustaining the allegations of the bill, but none that said way had ever been legally designated or fixed or traveled as a road. On the contrary there were others sustaining the main allegations in the answer. A more extended notice of them is not material here. The Chancellor refused the injunction, and that refusal is assigned as error.

McCUTCHEN & SHUMATE, for plaintiff in error.

JOSEPH GLENN, for defendant.

WARNER, Judge.

This was a bill filed by the complainants against the defendant praying for an injunction to restrain him from obstructing a road on his own land. After hearing the argument on a motion to show cause why the injunction prayed for should not be granted, the Court refused to grant the same; whereupon the complainants excepted. It appears from the record that the obstructions to the road had been complained of as a nuisance, and a trial had before the Justices of the Peace and a jury summoned for that purpose, and a verdict rendered by them that the obstruction of the road by the defendant was a nuisance, which was abated by the sheriff, that the defendant had obtained a *certiorari* of the proceedings had on the trial before the Justices to the Superior Court for alleged error in that trial, and that the defendant threatened to renew the obstructions to the road. The complainants do not show from the evidence in the record that they had the legal right to use this road over the defendant's land as a *private way*, either by prescription or otherwise, nor does the evidence show that the road had ever been established by the proper authority as a *public road*, or that it had ever been worked, or recognized by the public authorities of the county as a public road, so as to give to the complainants a prescriptive right to use it as such over the defendant's land. In view of the facts of this case, as disclosed by the record, we will not interfere with the discretion of the Court below in refusing to grant the injunction prayed for.

Let the judgment of the Court below be affirmed.